**Opinion issued May 21, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-23-00769-CV**

————————————

**JOSEPH ORAN BROUSSARD, Appellant**

**V.**

**ROY ARNEL, Appellee**

On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Case No. 20-DCV-278570

**MEMORANDUM OPINION**

On November 21, 2023, the Court issued a notice to appellant that the Court might dismiss this appeal for lack of jurisdiction because the order appealed was not a final, appealable order in that it did not dispose of all parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Appellant

responded to this Court's notice, asserting that this Court had jurisdiction because the interlocutory order was appealable under section 51.014(d). Appellant stated that it had filed an amended notice of appeal citing to that statute. Section 51.014(d) provides:

> On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:
> (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
> (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC. & REM. CODE § 51.014(d). If a trial court has signed an order permitting appeal from an interlocutory order, the party seeking to appeal must petition the court of appeals for permission to appeal. *See* TEX. R. APP. P. 28.3(a).

The clerk's record contains no order from the trial court permitting an appeal under section 51.014(d) and appellant has not supplemented the clerk's record with an order. Therefore, appellant has not complied with the requirements for seeking a permissive appeal and this Court lacks jurisdiction over this attempted appeal from the interlocutory order signed on September 26, 2023. *See Bosch v. Harris Cty.*, No. 14-13-00739-CV, 2013 WL 5503744, at *1 (Tex. App.—Houston [14th Dist.] Oct. 1, 2013, no pet.) (mem. op.).

2

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R.

APP. P. 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.